IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA          *
                                  *
        v.                        *      CR 118-074
                                  *
MARTY MARION COPELAND             *

_____

O R D E R

_____

Presently before the Court is Defendant's motion for a copy of the transcript from his plea colloquy and his sentencing hearing.  Defendant also requests a copy of his plea agreement. Defendant claims he needs these documents to file an appeal. However, any appeal from his conviction of February 25, 2020 would be woefully out of time.  Besides, Defendant waived his right to appeal (as well as his right to collaterally attack) his sentence in his plea agreement.  Out of courtesy, the Clerk is directed to attach a copy of Defendant's plea agreement (doc. 49) to the service copy of this Order.

Because Defendant has not established a sufficient need for the transcripts he requests, his motion (doc. 57) is **DENIED**. See Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); see also United

States v. MacCollom, 426 U.S. 317 (1976); Colbert v. Beto, 439 F.2d 1130 (5th Cir. 1971) [1] (stating that a defendant does not have the right to a free transcript simply to search for possible error).

ORDER ENTERED at Augusta, Georgia, this __1/th__ day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1]   The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).